USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2259 JANICE R. PERRY, Plaintiff, Appellant, v. NEW ENGLAND BUSINESS SERVICE, INC., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Richard G. Stearns, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Janice R. Perry on brief pro se. _______________ Michael J. Pineault, Richard L. Alfred and Hill & Barlow on brief ____________________ _________________ _____________ for appellee. ____________________ June 3, 1997 ____________________ Per Curiam. Plaintiff brought an action against __________ her employer under the American with Disabilities Act of 1990, 42 U.S.C. 12112(b)(5)(A), and Mass. Gen. L. ch. 151B, alleging handicap discrimination in the employer's failure to modify a restroom door. The district court granted summary judgment on the ground that the evidence showed that neither plaintiff nor her employer had realized at the time of plaintiff's original request that a modification was needed specifically to accommodate plaintiff's physical limitations. Reviewing the judgment de novo, and reading the entire record __ ____ in the light most favorable to plaintiff, see Grenier v. ___ _______ Cyanamid Plastics, Inc., 70 F.3d 667, 671 (1st Cir. 1995), we _______________________ agree that there was insufficient summary judgment evidence which would allow a reasonable jury to conclude that plaintiff's employer discriminated against her by refusing to reasonably accommodate known limitations related to her disability.  The court did not abuse its discretion in allowing plaintiff's privately-retained counsel to withdraw from the representation, nor in refusing to provide plaintiff with a court-appointed substitute. Plaintiff was given sufficient opportunity to seek new counsel. There is no merit to the remaining assignments of error.  The judgment is affirmed. See Loc. R. 27.1 ________ ___ -2-